UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Nicole Davis</u>

   v.                                        Case No. 10-cv-404-PB
                                              Opinion No. 2011 DNH 174
<u>Michael Astrue, Commissioner,</u>
<u>Social Security Administration</u>


<u>MEMORANDUM AND ORDER</u>

    Nicole Davis first applied for social security disability insurance benefits and supplemental security income on May 16, 2008, alleging disability as of October 30, 2007, due to fibromyalgia, depression, and anxiety.  After her claims were denied at the initial level, she requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ determined that Davis was not disabled and denied the application on April 14, 2010. The ALJ's decision became the final decision of the Commissioner on July 19, 2010, when the Decision Review Board ("DRB") notified Davis that it was unable to complete its review during the time allowed.  Pursuant to 42 U.S.C. § 405(g), Davis filed a complaint with this court on September 14, 2010, seeking a reversal of the Commissioner's decision denying her claim.

While her appeal of the Commissioner's unfavorable decision was pending, Davis filed a second application for disability benefits. The SSA approved that application on November 22, 2010, finding a disability onset date of April 30, 2010, the same month as the ALJ's denial of her first application. Subsequently, the Commissioner filed a motion seeking remand of the case before this court for a new hearing. Davis objects to the Commissioner's motion, seeking instead reversal of the Commissioner's denial of the first application with an order for payment of benefits. In the alternative, Davis seeks an order preventing the case from being returned to the same ALJ and limiting the scope of remand to a reconsideration of the merits of the first application, effectively asking this court to preclude the Commissioner from reopening her second application that received a favorable outcome. For the reasons below, I grant the Commissioner's motion.

The first form of relief that Davis seeks, a remand with an order for payment of benefits, is not appropriate in this case. The First Circuit has held that ordinarily a remand with instructions to pay is "an unnecessary abrogation of the Commissioner's authority to adjudicate applications for

disability benefits." Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001).  Such extraordinary relief is warranted "only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits."  Id. at 11.  Plaintiff must show that "the proof of disability is overwhelming" or that "correcting the legal error clarified the record sufficiently that an award or denial of benefits was the clear outcome."  Id.

Here, Davis has not shown that either situation exists.  She appeals the Commissioner's unfavorable decision on her first application on the grounds that the ALJ (1) erred at Step Two of the sequential analysis in finding that Davis's fibromyalgia impairment is not severe; (2) failed to account for functional limitations stemming from fibromyalgia in the residual functional capacity ("RFC") analysis; (3) improperly derived his RFC finding without the necessary medical support; and (4) made mental RFC, Step 4, and Step 5 findings that are not supported by substantial evidence in the record.  Pl.'s Mot. to Reverse, Doc. No. 9, at 6-18.  Davis has not demonstrated, however, that the proof of her disability is overwhelming or that the alleged

legal errors would warrant the award of benefits.  Therefore, I cannot issue an order to the Commissioner to award her benefits.

Davis's alternative argument in response to the Commissioner's motion to remand is two-fold.  First, she seeks an order directing the Commissioner to assign the case on remand to a different ALJ.  Her sole rationale is that the ALJ who denied her benefits "mishandled the case to the point that the Commissioner does not wish to defend his decision."  Pl.'s Opp'n to Mot., Doc. No. 12, at 1-2.  Absent a showing of bias or wrongdoing on the part of the ALJ, which Davis does not allege, the fact that the ALJ allegedly did not reach the right decision is insufficient to require the Commissioner to assign the case to a different ALJ.  Therefore, I deny Davis this relief.

Second, Davis seeks an order limiting the scope of remand to a reconsideration of the merits of the first application, presumably because the reopening of her second application may jeopardize the favorable outcome in that case.  Davis is effectively asking this court to prevent the Commissioner from consolidating the two cases upon remand, thereby reopening her second application.  As both parties recognize, Davis's second application for benefits is not before me.  I have no

4

jurisdiction to either authorize or preclude the Commissioner from reopening that application.  See Encarnación v. Astrue, 724 F.Supp.2d 243, 245 (D.P.R. 2010) ("The court lacks jurisdiction over the subsequent award of benefits because no appeal from that claim has been taken to the district court.").  The Commissioner "may reopen a final determination or decision on [his] own initiative" and "may revise that determination or decision" provided that certain conditions are met.  20 C.F.R. § 404.987(b).  Given that Davis received the notice of the initial determination on her second application on November 22, 2010, the Commissioner is still within the 12-month period when he may reopen the determination "for any reason."  20 C.F.R. § 404.988(a).  If the 12-month period passes, the Commissioner would need to "find good cause, as defined in § 404.989, to reopen the case."  20 C.F.R. § 404.988(b).  Because Congress has committed the decision on reopening a case to the discretion of the Commissioner, subject to compliance with the regulations, I am without authority to preclude him from doing so by limiting the scope of remand to prevent the consolidation of the two determinations regarding Davis's disability benefits.

5

Pursuant to sentence four of 42 U.S.C. § 405(g), I grant the Commissioner's motion to reverse and remand for a new hearing (Doc. No. 11) without either authorizing or precluding the ALJ from reopening Davis's second application for benefits. Davis's motion to reverse (Doc. No. 9) is terminated in light of the disposition of the case.  Accordingly, the clerk shall enter judgment and close the case.[1]

SO ORDERED.

/s/ Paul Barbadoro_____
Paul Barbadoro
United States District Judge

October 20, 2011.

cc:    Francis M. Jackson, Esq.
       Karen B. Fitzmaurice, Esq.
       Gretchen Leah Witt, Esq.

---

[1] Davis asserts in her objection to the Commissioner's motion that "the Commissioner does suggest that absent this appeal and remand, the agency would not seek to reopen and revise the subsequent, favorable decision in the ordinary course of business."  Pl.'s Opp'n to Mot., Doc. No. 12, at 2.  I will delay entry of judgment for 7 days to give Davis an opportunity to withdraw her appeal, should she find that doing so is to her advantage.